UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MICHAEL MCGRATH,

    Plaintiff,

CASE NO: 3:11-CV-00274

vs.

KINGSTON ALLEY, LLC,

    Defendant.
_____/

## FINAL JUDGMENT

Currently pending before this court is the motion for default judgment filed by Plaintiff Michael McGrath. On October 11, 2011, the clerk entered an entry of default verifying that the Defendant Kingston Alley, LLC, was properly served with the summons and Complaint and failed to file a responsive pleading. Upon consideration of the testimony presented in the Affidavits of Plaintiff Michael McGrath and Plaintiff's expert, Kirk Tcherneshoff, the court concludes that an entry of default judgment against Kingston Alley, LLC, is warranted. Accordingly, it is hereby ORDERED, ADJUDGED and DECREED as follows:

## FINDINGS OF FACT

1.    The Court finds that on October 11, 2011, the Clerk entered default against Defendant Kingston Alley, LLC, for its failure to respond or otherwise defend against Plaintiff's Complaint brought pursuant to the Americans with Disabilities Act ("ADA").

2.    The Court finds, according to the affidavit of Plaintiff Michael McGrath, Mr. McGrath requires the use of a wheelchair for mobility, has encountered barriers to access in his previous visits to Defendant's property, and he intends to patronize this facility in the future.

3. The Court finds, according to the affidavit of Plaintiff's expert, Kirk Tcherneshoff, that the subject property does not comply with the ADA Guidelines for Buildings and Facilities codified at 28 C. F. R. Part 36, Appendix A, and can be brought into compliance by readily achievable means, without much difficulty or expense.

## CONCLUSIONS OF LAW

4. The Court declares that the Defendant is in default and that the factual allegations of the Complaint, accept those relating to the amount of attorney's fees and costs, are deemed admitted. Consequently, the court concludes that the property owned and administered by Kingston Alley, LLC, otherwise known as the Ray's Bar and Grill located at 7355 Kingston Pike in Knoxville, Tennessee is in violation of the Americans with Disabilities Act, 28 U.S.C. §12182, *et seq.*, due to the existence of various barriers to access on said property as indicated in Plaintiff's Complaint and the affidavits of Michael McGrath and Kirk Tcherneshoff.

5. Defendant Kingston Alley, LLC, is hereby ordered to alter its facility at 7355 Kingston Pike, Knoxville, Tennessee to make it fully accessible to and useable by individuals with disabilities to the full extent required by Title III of the Americans with Disabilities Act as set forth below no later than 180 days from the date of this Order.

6. Defendant Kingston Alley, LLC shall reconfigure the accessible parking to provide an access aisle and signage at both of the accessible parking spaces in compliance with §502 of the 2010 ADA Standards for Accessible Design, consisting of the 2004 ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New Construction and Alterations portion of Title III (all hereinafter referred to as the "2010 Standards"). Defendant shall further ensure that the accessible parking space located furthest from the entrance is designated as a "van accessible" parking space with appropriate signage

and adjacent eight (8) foot wide access aisle.

7. Defendant shall provide signage compliant with §502.6 of the 2010 Standards at the accessible parking spaces that designates such parking spaces as "accessible" and include the International Symbol of Accessibility in compliance with 703.7.2.1 and shall further ensure that each sign is mounted no less than 60 inches above the ground.

8. Defendant shall resurface the pathway leading to the toilet rooms through the kitchen to ensure that the slope ratio in this area is no greater than 1:48 in compliance with §303.2 and Figure 303.2 of the 2010 Standards.

9. Defendant shall provide at least one active leaf in the double leaf entry doors leading into the kitchen providing access to the toilet rooms to ensure that it has a clear opening width of at least 32 inches in compliance with §404.2.2 and 404.2.3 of the 2010 Standards.

10. Defendant shall provide directional signage in compliance with §703 of the 2010 Standards directing individuals with disabilities to the nearest accessible toilet room.

11. Defendant shall remove the skirts from at least one of the lavatories in the men's toilet room to provide sufficient knee and toe clearance underneath the lavatory in compliance with §305.3 of the 2010 Standards.

12. Defendant shall insulate the pipes underneath the lavatory from which Defendant removes the skirt to comply with §606.5 of the 2010 Standards.

13. Defendant shall replace the floor-mounted water closet with one that has a flush valve on the wide side of the toilet area in compliance with §604.6 of the 2010 Standards.

14. Defendant shall provide a 36-inch long rear grab bar and a 42-inch long side grab bar at the accessible water closet in the men's toilet room mounted with the top surface of the bar measuring between 33 and 36 inches above the finished floor in compliance with §604.5 and Figures

-3-

Case 3:10-cv-00274-CCS Document 5-5 Filed 02/28/12 Page 3 of 4 PageID #: 59
Case 3:10-cv-00274-CCS Document 6 Filed 03/12/12 Page 3 of 4 PageID #: 63

604.5.1 and 604.5.2 of the 2010 Standards.

15. Defendant shall ensure a minimum of 5% of seating spaces on the interior of the restaurant are accessible to wheelchair users. The accessible seating spaces shall provide clear space underneath of no less than 19 inches of depth, 30 inches of width and 27 inches of knee clearance with a tabletop which is not higher than 34 inches above the finished floor and which shall be located on an accessible route from the accessible entrance, toilet rooms and other accessible public elements in compliance with §§226.1, 902 and Figures 306.2 and 306.3 of the 2010 Standards.

16. Counsel for Plaintiff, Edward I. Zwilling, is hereby directed to file documents reflecting the time spent and expenses incurred in the prosecution of this action within thirty (30) days from the entry of this order for this court's consideration in determining the amount of attorney's fees, expenses and costs due from Defendant pursuant to 42 U.S.C. §12205.

17. This Court shall retain jurisdiction for the enforcement of this Final Judgment pending the completion of the modifications to the Defendant's property ordered herein.

DONE and ORDERED in chambers this the 10th day of AUG 2012.

_Thomas H. Phillips_
UNITED STATES DISTRICT COURT JUDGE

Copies furnished to:
Edward I. Zwilling, Esq.
Kingston Alley, LLC

ENTERED AS A JUDGMENT
s/ *Debra C. Poplin*
CLERK OF COURT