UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MICHAEL MCGRATH, )
)
    Plaintiff, )
) No. 3:11-CV-274
) (PHILLIPS/SHIRLEY)
V. )
)
KINGSTON ALLEY, LLC, )
)
    Defendant. )

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 8] referring Plaintiff's Motion for an Order Awarding Attorney's Fees, Expert Fees, and Costs and Supporting Memorandum of Law [Doc. 7] to the undersigned for disposition or report and recommendation as may be appropriate.

### I. BACKGROUND

On June 16, 2011, the Plaintiff filed his Complaint in this case. [Doc. 1]. On September 17, 2012, a Summons and Proof of Service was filed with the Clerk of Court evidencing service on a manager of the Defendant on August 23, 2011. [Doc. 2]. On October 11, 2011, the Clerk of Court entered a default against the Defendant, [Doc. 4], and on August 10, 2012, the Honorable Thomas W. Phillips, United States District Judge, signed and the Clerk of Court entered a Final Judgment in favor of the Plaintiff, [Doc. 6].

On August 16, 2012, the Plaintiff filed the instant motion, which moves the Court to award Plaintiff attorney's fees and costs in the amount of $9,023.57, incurred in litigating this case. The Defendant has not responded to the motion.

## II. FINDINGS

In regard to the Plaintiff's Motion for an Order Awarding Attorney's Fees, Expert Fees, and Costs and Supporting Memorandum of Law, the Court finds the following:

### A. The Defendant Has Failed to Oppose the Motion Within the Time Allowed

The Plaintiff's motion was filed August 16, 2012. [Doc. 7]. The Defendant's time for responding to the motion under the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Tennessee has expired. See Fed. R. Civ. P. 6(d), 5(b)(2)(E). Pursuant to Local Rule 7.2, the Defendant's failure to respond "may be deemed a waiver of any opposition to the relief sought." E.D. Tenn. L.R. 7.2; see also Campbell v. McMinn County, Tenn., 2012 WL 369090 (E.D. Tenn. 2012) (Curtis, C.J.) ("Plaintiff's failure to respond effectively waives any objections that he may have had on this matter.").

Based upon the foregoing, the undersigned finds that the Defendant has failed to respond to the Plaintiff's motion within the time allowed under the applicable Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Tennessee. The undersigned further finds that this failure to respond should be deemed a waiver of any opposition to the relief sought.

### B. The Fees and Expenses Requested Are Reasonable

The Plaintiff requests reimbursement for $5,700.00 in attorney's fees, $623.57 in litigation expenses and costs, and $2,700.00 in expert fees. [Doc. 7 at 2]. In total, the Plaintiff requests an award of fees and expenses of $9,023.57. The Court has considered the fees and expenses requested, and the Court has reviewed the detailed statement of the fees and expenses incurred. [Doc. 7-2]. Based on this review, the undersigned finds that the fees and expenses requested are reasonable.

### III. CONCLUSION

The Court finds that the Defendant has not responded in opposition to the Plaintiff's motion, and the Defendant has waived his opposition to the relief sought. The Court further finds that the fees and expenses requested are reasonable. Accordingly, the undersigned **RECOMMENDS**[1] that the Plaintiff's Motion for an Order Awarding Attorney's Fees, Expert Fees, and Costs and Supporting Memorandum of Law **[Doc. 7]** be **GRANTED**.

Respectfully Submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).